**SCHOLZ v. SHAUGHNESSY, Director.**

No. 174, Docket 21578.

United States Court of Appeals
Second Circuit.

Argued Feb. 1, 1950.

Decided Feb. 16, 1950.

Hallam M. Richardson, Brooklyn, for appellant.

Harold J. Raby, New York City, for appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

PER CURIAM.

The relator raises five objections, which we will dispose of in the order in which they appear in his brief.

First: The relator is an alien, and not a "national" of the United States. For the purposes of the Nationality Act[1] a "national of the United States" is either a "citizen" or "a person who, though not a citizen * * * owes permanent allegiance to the United States." The word "does not include an alien." The word "alien" in the Immigration Act means "not a native-born or naturalized citizen";[2] and presumably that is its meaning in the Nationality Act. In any event the relator is an alien and an alien is not a "national of the United States."

Second: The order, deporting the relator, was signed by the Chairman of the Board of Immigration Appeals on May 31, 1945; the second warrant issued on June 21, 1945. The order finally disposed of the proceeding; if this was on an incomplete record, the relator has not suggested anything which he could add that would be relevant.

Third: The offence of which the relator was found guilty[3] subjected him

1. § 501, chapter XI, Title 8 U.S.C.A.
2. § 173, Chapter VI, Title 8 U.S.C.A.

3. § 233, Title 22 U.S.C.A. [1948 Revised Criminal Code, 18 U.S.C.A. § 951].

to deportation;[4] and the statute makes the conviction the occasion for deportation, not the commission of the crime charged. Even were we to assume that it would be an answer if the court had had no jurisdiction over the crime, still the irregularity of the grand jury—the only jurisdictional defect asserted—did not affect and could not affect, the court's jurisdiction.[5]

Fourth: There were no relevant issues of fact to be tried at the hearing on the traverse to the writ; and all the "offers of proof" were therefore properly denied.

Fifth: This objection is identical with the Fourth.

Order affirmed.

4. § 157 (1) (a), Title 8 U.S.C.A.

5. United States ex rel. McCann v. Thompson, 2 Cir., 144 F.2d 604, 156 A.L.R. 240.